UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAMARA WUYEH,

    Plaintiff,

-against-

GUTMAN, MINTZ, BAKER and
SONNENFELDT, P.C.,

    Defendants.

**AMENDED COMPLAINT**

Hon. Casey

Case No. 04 CV 5779

---

Plaintiff, by his attorney, Paul B. Dalnoky, as his complaint against the defendant, Gutman, Mintz, Baker and Sonnenfeldt, P.C., sets forth and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 USC 1692, et seq, the Fair Debt Collection Practices Act (the "FDCPA").

## PARTIES

2. Plaintiff is an individual who, at all relevant time periods, resided in New York County.

3. Defendant, upon information and belief, is a professional corporation existing by and under the laws of the State of New York.

4. Defendant, at all relevant times, was and is a debt collector, as defined at 15 USC 1692(a)(6), as it collected debts for, among others, Two Manhattan LLC.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 USC 1692(k) and 28 USC 1331, 1332.

6. Venue is proper in this District pursuant to 15 USC 1692(k)(d) and 28 USC 1391(b).

## FACTUAL ALLEGATIONS AND FIRST CLAIM FOR RELIEF

7. Plaintiff allegedly incurred a family and household debt to his landlord, Two Manhattan, LLC, to wit: rent.

8. On July 24, 2003 defendant issued and caused to be mailed to plaintiff two debt collection notices dated July 17, 2003. The first notice was signed by defendant and falsely claimed that plaintiff owed his landlord the sum of $4,830.50. It was issued and by signed by the defendant.

9.  The second notice, in the same font and type size, and with the same reference number, informed plaintiff that he had three days to pay the debt or surrender possession of the premises. It contained none of the language required by 15 USC 1692g(a)(3), (4) and (5). It was allegedly issue and signed by the landlord and stated that plaintiff owed $4,830.50.

10. Upon information and belief, the two debt collection notices dated July 17, 2004 and mailed on July 24, 2004 were "initial communications" as defined at 15 USC 1692g(a). Defendant did not send any additional communication within five (5) days after mailing the debt collection notices.

11. Plaintiff received both of the debt collection notices.

12. Plaintiff did not owe his landlord any money, as he sent the rent each month to it by certified mail. The false allegation in the debt collection notice that he owed money caused him suffering and anguish regarding the loss of his family's home and the indignity of his and his wife's homelessness.

13. The second debt notice overshadowed and contradicted the one which informed plaintiff of his rights and rendered the former a nullity and ineffective.

14. Moreover, both notices contained false representations with respect to rent alleged to be due.

3

15. Moreover, the second notice was deceptive, as it purported to be issued by the landlord, but was actually issued by defendant.

16. Moreover, defendant did not conduct any meaningful investigation or file review prior to signing and sending the two notices.

## CLASS ALLEGATIONS

17. Defendant is one of the largest and most prolific rent collectors in New York City. The number of putative class members is in the hundreds and joinder of all members is impracticable.

18. Upon information and belief, similar debt collection notices and similar procedures are used by defendant in all their debt collections.

19. Defendant has no defense(s) unique to plaintiff's claim as opposed to the claims of other putative class members.

20. A class action lawsuit will be superior to individual actions by putative class members due to the limited amount of statutory damages available to class members and the difficulty in proving actual damages in overshadowing cases.

21. Plaintiff fully understands the claims against the defendant, as well as his responsibilities as a named plaintiff and has no interests adverse to other class members.

f.  Judgment for such other and further relief as may be just.


Dated:   New York, New York
         August 26, 2004

                                        Yours, Etc.,
                                        *P-l B D*
                                        **PAUL B. DALNOKY** (PD 6794)
                                        Attorney for Plaintiff
                                        333 East 6 Street, #1N
                                        New York, NY 10003
                                        (212) 260-4386